IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

LONNIE P. SEARS,

        Plaintiff,

v.                                                                           Case No. 2:17-cv-04394

THE KROGER CO., *et al.*,

        Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are the following motions: a Motion to Dismiss filed by The Kroger Co. and Kroger Limited Partnership I (hereinafter "the Kroger entities" or "Kroger") (ECF No. 3); a Motion to Dismiss filed by Rite Aid of West Virginia, Inc. (ECF No. 5); and a Motion to Dismiss for Lack of Jurisdiction filed by Rite Aid Corporation (ECF No. 8). For the reasons stated herein, it is respectfully **RECOMMENDED** that each of these motions be **GRANTED** and that this civil action be dismissed from the docket of the court.

## RELEVANT PROCEDURAL HISTORY

The plaintiff initially filed the instant Complaint in the Circuit Court of Kanawha County, West Virginia on November 2, 2017. On November 22, 2017, defendant Rite Aid of West Virginia, Inc., with the consent of the Kroger entities, removed the matter to this court on November 22, 2017. (ECF No. 1). The Complaint alleges that internal policies

(referred to by the plaintiff as "Corporate Compliance Policies") of Kroger and Rite Aid restricting the sale of products containing pseudoephedrine ("PSE") beyond the limitations imposed by federal and West Virginia law, while not doing so in other states, violates several provisions of the United States Constitution, and discriminates against people with chronic illnesses requiring daily use of PSE without a prescription. Specifically, the plaintiff alleges that these policies violate the Equal Protection Clause of the Fourteenth Amendment, the Privileges and Immunities Clause, and the Supremacy Clause of the United States Constitution.

The Complaint further alleges that the defendants' policies violate the West Virginia Business Corporation Act, W. Va. Code § 31D-3-302, and West Virginia's statutory enactment of the Uniform Commercial Code found in Title 46 of the West Virginia Code, specifically West Virginia Code § 46-2-301. The Complaint further alleges that the defendants' policies are not being made available to the consumer upon request. Finally, the Complaint contends that Kroger's in-store signage misrepresents federal law by imposing its own policy limitations on the same sign as that required by 18 U.S.C. § 1001. The plaintiff seeks declaratory and injunctive relief.

On November 29, 2017, the Kroger entities and Rite Aid of West Virginia, Inc. each filed Motions to Dismiss (ECF Nos. 3 and 5), asserting that the plaintiff's Complaint fails to state a claim upon which relief can be granted because the defendants are not state actors and, thus, the plaintiff cannot state plausible federal constitutional claims against them. The defendants further argue that the state statutes relied upon by the plaintiff either do not provide for a private cause of action, or are not applicable to the circumstances herein.

On November 29, 2017, Rite Aid Corporation filed a separate Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 8), asserting that it is a parent holding company which is not incorporated in, does not do business in, and has no employees in, West Virginia. Thus, Rite Aid Corporation asserts that it has insufficient minimum contacts to support a finding that this court has personal jurisdiction over that defendant herein.

On December 13, 2017, pursuant to the order of the court, the plaintiff filed an omnibus response to the defendants' Motions to Dismiss (ECF No. 18). On December 22, 2017, the defendants filed reply briefs. (ECF Nos. 19, 22 and 23). The undersigned will discuss the contents of the briefing as necessary *infra*.

## STANDARDS OF REVIEW

The defendants' motions assert that the plaintiff's Complaint should be dismissed under Rule 12(b)(6) of Federal Rules of Civil Procedure, because it fails to state a claim upon which relief can be granted. Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

3

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case.  The Court wrote:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted).  Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.*, at 556. * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-679.

Additionally, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the court may dismiss a claim where the court lacks personal jurisdiction over a defendant. Generally, "[a] federal district court may only exercise personal jurisdiction over a foreign corporation if such jurisdiction is authorized by the long-arm statute of the state in which it sits and application of the long-arm statute is consistent with the due process clause of the Fourteenth Amendment" *ESAB Group, Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 391 (4th Cir. 2012).  The Fourth Circuit more recently addressed the standards for determining whether a federal court has personal jurisdiction over a defendant as follows:

> Personal jurisdiction may be general or specific.  General personal jurisdiction over a defendant arises from the defendant's "continuous and systematic" activities in the forum state.  *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S. Ct. 1868, 80 L. Ed.2d 404 (1984).  Specific jurisdiction, on the other hand, depends on an "activity or

4

> an occurrence that takes place in the forum State" and is "confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed.2d 796 (2011) (internal quotation omitted).

*PTA-FLA, Inc. v. ZTE Corp.*, 715 F. App'x 237, 241-42 (4th Cir. Nov. 15, 2017).

## ANALYSIS

### A. The court lacks personal jurisdiction over the plaintiff's claims against Rite Aid Corporation.

The Motion to Dismiss filed by Rite Aid Corporation, as supported by the Affidavit of Ron Chima, asserts that Rite Aid Corporation is a parent holding company of Rite Aid of West Virginia, Inc., formed under the laws of the State of Delaware, and which is headquartered and operates exclusively in the State of Pennsylvania. Further, the motion indicates that Rite Aid Corporation conducts no business in, and has no employees in, the State of West Virginia. Rather, as noted in the Chima Affidavit, each Rite Aid store located in West Virginia is owned and operated by Rite Aid of West Virginia, Inc., not Rite Aid Corporation. (ECF No. 10 at 1-2, ¶ 3). Thus, Rite Aid Corporation asserts that it does not maintain any presence in West Virginia and, thus, has insufficient minimum contacts with the State of West Virginia to support this court's exercise of personal jurisdiction over Rite Aid Corporation. (ECF No. 9 at 3-6).

The Fourth Circuit has established a three-part test for determining whether the exercise of specific jurisdiction over a party meets due process requirements. Specifically, the district court must look at: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff['s] claims arise out of those activities directed at the State; and (3) whether the exercise of

personal jurisdiction would be constitutionally reasonable." *ESAB Group*, 685 F.3d at 391-92; *PTA-FLA, Inc.*, 715 F. App'x at 242. (ECF No. 9 at 4).

Rite Aid Corporation contends that it has done nothing to purposefully avail itself of the privilege of conducting activities in West Virginia. Specifically, its Memorandum of Law asserts that "the existence of a parent-subsidiary or mere sister-sister relationship 'is not sufficient to establish personal jurisdiction over the parent [or sister entity] on the basis of the subsidiary's minimum contacts with the forum.'" *Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 954 (N.D. Cal. 2015) (quoting *Doe v. Unocal Corp.*, 248 F.3d 1059, 1070 (9th Cir. 2015). (ECF No. 9 at 4). Rite Aid Corporation further contends that West Virginia law recognizes a similar distinction. *See Norfolk S. Ry. v. Maynard*, 437 S.E.2d 277 (W. Va. 1993) ("A parent-subsidiary relationship between corporations, one of which is 'doing business' in this state, does not without the showing of additional factors subject the nonresident corporation to this state's jurisdiction.") (*Id.*)

Rite Aid Corporation further asserts that the plaintiff's claims do not arise out of any activity that Rite Aid Corporation has directed towards West Virginia. (*Id.* at 5). The Motion to Dismiss, as supported by the Chima Affidavit, contends that Rite Aid Corporation had no involvement in the promulgation of the policies at issue in this case. Instead, those policies were promulgated by Rite Aid Hdqtrs. Corp. (*Id.*; ECF No. 10 at 2, ¶ 5). Consequently, Rite Aid Corporation contends that the plaintiff's claim does not arise out of any activities directed by Rite Aid Corporation at the forum state and, thus, specific personal jurisdiction is lacking on this basis alone. (ECF No. 9 at 5).

The plaintiff's Response does not appear to dispute Rite Aid Corporation's contention that the court lacks personal jurisdiction over Rite Aid Corporation and that it

6

is not a proper defendant herein. Rather, the plaintiff's Response merely states that in his telephone and e-mail communications with a compliance representative of Rite Aid Corporation, he was never informed of what entity promulgated or controlled the disputed policies. He further states that, if Rite Aid Hdqtrs. Corp. is the entity responsible for the promulgation of the policy, then it would be the proper entity to be named as a defendant herein. (ECF No. 18 at 2).

For the undisputed reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that this court lacks personal jurisdiction over Rite Aid Corporation and that it is not a proper defendant herein. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Rite Aid Corporation's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 8) and dismiss Rite Aid Corporation as a defendant herein.

Moreover, to the extent that the plaintiff's Response may be construed to be requesting that the Complaint be amended to substitute Rite Aid Hdqtrs. Corp. as a defendant herein, the undersigned proposes that the presiding District Judge **FIND** that such amendment would be futile because, as further discussed in the following section, the Complaint fails to state a claim upon which relief can be granted against any of the defendants, including Rite Aid Hdqtrs. Corp.

### B. The Complaint fails to state a claim upon which relief can be granted against any of the defendants and such deficiencies cannot be overcome through amendment of the Complaint.

For the reasons stated below, the Complaint fails to state any plausible claim for relief against the defendants and, thus, it should be dismissed, in its entirety.

### *The plaintiff's federal constitutional claims*

The plaintiff's Complaint alleges that the policies implemented by Kroger and Rite Aid limiting the sale of PSE products to amounts below the maximum allowed by federal and state law, and the fact that these defendants do not similarly limit such sales in other states, discriminates against the citizens of the State of West Virginia, and particularly those with chronic illnesses who need to take PSE every day, even without a prescription. Consequently, the plaintiff alleges that the defendants' policies violate the Equal Protection of the Fourteenth Amendment, the Privileges and Immunities Clause, and the Supremacy Clause of the United States Constitution.

However, the Kroger and Rite Aid entities named as defendants herein are private corporations, who were not acting under color of state law. Therefore, they are not state actors subject to suit under 42 U.S.C. § 1983 and cannot be held liable for the alleged federal constitutional violations. As noted in the Memorandum of Law filed by Rite Aid of West Virginia, Inc., "[i]t is well settled that the Fourteenth Amendment offers 'no shield' for private conduct, however discriminatory and wrongful, but rather prohibits actions by 'any State' and that state action is a threshold issue to such claims." *See, e.g. Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349-50 (1974); *Aldridge v. Rite Aid of Wash. D.C., Inc.*, 146 F. Supp.3d 242, 251 (D.D.C. 2015) (denying a Fourteenth Amendment claim against Rite Aid, finding "the Fourteenth Amendment, however, only applies to actions taken by state actors, and not private entities."). (ECF No. 6 at 5-6). For similar reasons, the plaintiff cannot state any plausible claim under the Fourteenth Amendment against the Kroger and Rite Aid entities herein.

Likewise, state action is required to establish a violation of the Privileges and Immunities Clause. *See Piper v. Supreme Ct. of New Hampshire*, 723 F.2d 110, 118 (1st

Cir. 1983) (discussing state discrimination against nonresidents involving state action); *Raymond v. O'Connor*, No. 2:11-cv-819, 2012 WL 3283399 (S.D. Ohio Aug. 10, 2012) ("it is implicit in this two-part test that a state actually discriminates in some fashion against out of state residents . . . ."). (ECF No. 6 at 7).[1]

Nor can the plaintiff state any plausible claim against the Kroger and Rite Aid defendants under the Supremacy Clause of the Federal Constitution. As aptly noted in the defendants' briefs, "the Supremacy Clause provides neither an implied nor an express private right of action . . . . [and it] does not guarantee any federal constitutional rights . . . ." *See Whittman v. Virginia*, No. 02-cv-1362-A, 2002 WL 32348410 (E.D. Va. Nov. 4, 2002); *see also Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378, 1383 (2015) ("The Supremacy Clause is not the source of any federal rights and certainly does not create a cause of action.") (*Id.* at 6-7).

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state any plausible federal constitutional claim against either the Kroger or Rite Aid defendants. Moreover, the undersigned further proposes that the presiding District Judge **FIND** that no amendment can cure the defects in the plaintiff's federal constitutional claims alleged against these defendants. Therefore, dismissal of the plaintiff's claims under the Fourteenth Amendment, the Privileges and Immunities Clause, and the Supremacy Clause of the United States Constitution is warranted.

---

[1] The Kroger entities' Memorandum of Law also notes that "[t]he Privileges and Immunities Clause found in Article IV, Section 2, Clause 1 of the United States Constitution has rarely been interpreted separately and distinctly from its corresponding counterpart in the Fourteenth Amendment." (ECF No. 4 at 7 n.5). The Memorandum further emphasizes that there is a litany of case law interpreting the two clauses together and finding that both require state action. (*Id.*)

*The plaintiff's state law claims*

The plaintiff also alleges that the defendants' policies regarding the sale of PSE products violates West Virginia Code § 31D-3-302, which is part of the West Virginia Business Corporation Act. The operative language relied upon by the plaintiff states: "every corporation . . . has the same powers as an individual to do all things necessary or convenient to carry out its business affairs, including, without limitation, power: . . . [t]o make and amend bylaws, not inconsistent with its articles of incorporation or with the laws of this State, for managing the business and regulating the affairs of the corporation." W. Va. Code § 31D-3-302(3).[2]

The defendants contend that this provision has no application in the instant matter because the policies at issue are not corporate by-laws and are not inconsistent with state or federal law. (ECF Nos. 4 at 8-9; ECF No. 6 at 8-9). Furthermore, the defendants contend that there is no allowance under this Act for a private right of action by a non-shareholder to challenge the authority of the corporation to act. *See* W. Va. Code § 31D-3-304 (setting forth requirements for an ultra vires action). (ECF No. 4 at 9; ECF No. 6 at 9). The plaintiff's Response does not address these arguments. Accordingly, the undersigned construes them to be undisputed.

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state any plausible claim for relief under the West Virginia Business Corporations Act, W. Va. Code 31D-3-301 *et seq.*

---

[2] As noted in the defendants' Memoranda of Law, the plaintiff actually cites to "W. Va. Code § 31D-3-303[3]" but there is no such statutory provision. (ECF No. 1-1 at 4; ECF No. 4 at 8 n.6; ECF No. 6 at 8 n.3). Thus, the undersigned believes that the plaintiff's reference was a typographical error and that he intended to cite section 302(3) as referenced elsewhere in his Complaint. (*See* ECF No. 1-1 at 6).

The plaintiff further alleges that the defendants' conduct violates the Uniform Commercial Code as enacted in West Virginia Code Chapter 46. Specifically, the plaintiff claims that the defendants' policies concerning the sale of PSE products is in conflict with W. Va. Code § 46-2-301, which states, "The obligation of the seller is to transfer and deliver and that of the buyer is to accept and pay in accordance with the contract." (ECF No. 1-1 at 4). However, the defendants contend that the plaintiff has not alleged, nor can he demonstrate, that a contract was formed between himself and either the Kroger entities or the Rite Aid entities to sell plaintiff PSE products.

The Kroger entities assert as follows:

> Contrary to Plaintiff's misguided interpretation, W. Va. Code § 46-2-301 contains no requirement that Kroger must sell PSE products at the behest of customer demands and against its own internal policies. Kroger's policies regarding the sale of PSE products are terms of the offer to customers seeking to purchase such products. Kroger is free to implement any of these requirements under the general principles of freedom to contract so long as the refusal does not violate any law. As has been demonstrated, there is no law under West Virginia jurisprudence or Federal jurisprudence requiring Kroger to sell PSE products to the maximum limit imposed by West Virginia law. Thus, Kroger's refusal t0 enter into a contractual sale of PSE beyond its internal policy limits does not contravene the principles stated in W. Va. Code § 46-2-301.

(ECF No. 4 at 10-11). Likewise, Rite Aid of West Virginia, Inc.'s Memorandum of Law asserts:

> Plaintiff does not allege, nor could he, that Rite Aid of WV has a contract with any consumer, including Plaintiff, to sell the maximum amount of PSE products allowed by law. In fact, Rite Aid of WV is not required by law to sell PSE products at all. Rite Aid of WV is permitted to set its own internal procedures, policies and offers to the public. The Rite Aid of WV's internal procedural and policy limitations, not the absolute maximum limitations of [sic] for PSE laws set by the Legislature, would constitute Rite Aid of WV's offer to the public if this provision were applicable to this situation. Plaintiff has made no allegation that he was treated differently from other non-prescription purchasers of PSE products in Rite Aid of WV stores. Those internal policies and procedural limitations apply equally and consistently to all individuals making a PSE purchase in West Virginia. Rite Aid of WV

11

> is free to set its internal policies and procedures for the purchase of such products so long as it does not violate the law by selling more than permitted under W. Va. Code § 60A-10-4(a). There is no allegation of discrimination against Plaintiff as an individual and no allegation that Rite Aid of WV did not consistently sell PSE in accordance with its internal procedures and policies to all individuals purchasing such products in West Virginia.

(ECF No. 6 at 10).

The plaintiff's Response asserts that the defendants have breached an agreement established through a "course of dealing" when the plaintiff has shopped at Kroger's stores. His Response states:

> [S]ince I have shopped and filed prescriptions at the Kroger store since 2009, I believe it would be safe to assume that a "course of dealing" had been established, as well as an unspoken "agreement." So, what seems to be in question would be what the total legal obligation of that "agreement" would be. But, do I expect to be sold PSE at that or any other store when I know that I have not purchased any where [sic; anywhere] near the State's limitations? My answer would be "YES."

(ECF No. 18 at 6).

The reply by the Kroger entities reiterates that there is no enforceable contract between the plaintiff and its stores concerning the future sale of PSE products. The reply further states, "If Plaintiff's position were the law, Plaintiff could demand that after purchasing a gallon of milk at Kroger, this 'course of dealing' forever established the terms for any future purchase from Kroger regardless of what the particular item may be. From a practical standpoint, this is not the governing law." (ECF No. 19 at 4). Kroger's Reply further states:

> Specifically, the term "course of dealing" is used to construe and interpret contracts in which the terms of the agreement have not been expressly made or a contract provision is contested. The applicable statute requires that the "express terms of an agreement and any applicable . . . course of dealing . . . must be construed whenever reasonable as consistent with each other. W. Va. Code § 46-1-303(e). However, in situations in which the construction of express terms and course of dealing cannot be

12

>reconciled reasonably, the "[e]xpress terms prevail over . . . course of dealing." W. Va. Code § 46-1-303(e)(1).
>
>Although Kroger disputes that any contract between it and Plaintiff exists regarding any ongoing or future sales of pseudoephedrine, Kroger applies these principles for demonstrative purposes only to show the fallacies of Plaintiff's arguments. Kroger's pseudoephedrine policies are express terms of any pseudoephedrine purchase. Thus, Kroger's policy would prevail over any alleged prior course of dealing to the contrary for purposes of construing any alleged contractual relationship between Kroger and Plaintiff.

(ECF No. 19 at 5).

Kroger further asserts that the plaintiff's course of dealing claim fails because, the course of performance would indicate that Kroger has only sold the plaintiff PSE products within the limitation set by its own policy and, thus, any alleged contract would be limited to those same amounts. (*Id.* at 5-6). "Simply put and as set forth in Kroger's Memorandum of Law, while applicable law proscribes a ***maximum*** amount of pseudoephedrine permitted to be sold, it does not establish a ***minimum*** amount required to be sold. *See* W. Va. Code § 60A-10-4(a) . . . . Kroger's internal policy to sell less than the maximum amount is consistent with the West Virginia state limits." (*Id.* at 6).

The Rite Aid entities' Reply asserts that the plaintiff's Response discusses a course of dealing with Kroger, but does not make similar allegations or arguments concerning Rite Aid of WV. (ECF No. 22 at 3). Nevertheless, Rite Aid asserts that "a customer shopping at any store does not establish a course of dealing for sale of PSE and there is not contract at issue . . . ." (*Id.* at 3-4). Accordingly, Rite Aid also asserts that Title 46 of the West Virginia Code is not implicated herein and that the plaintiff's Complaint fails to state a claim upon which relief can be granted thereunder.

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state any plausible claim for breach of contract or any other contractual-based claim against the defendants herein, and that no amendment of the allegations in the Complaint can cure the apparent deficiencies with the plaintiff's claims for relief under Title 46 of the West Virginia Code.

The plaintiff also alleges that the defendants have violated the law by not making their internal policies available to the public. He further contends that the defendants' pharmacists and technicians are not properly trained in the handling of PSE policies. The Complaint states "They are supposed to be certified, but don't know the difference between company policy and the law, or what the different requirements of each are." (ECF No. 1-1 at 5).

Although the Complaint does not specify any legal basis for this claim, the defendants have interpreted the Complaint to be raising a claim under either the federal or state Freedom of Information Act ("FOIA").[3] However, as noted by the defendants, the plaintiff cannot state a plausible claim under either FOIA law because the disclosure requirements of those laws apply only to "public bodies." [check federal language]. As previously addressed herein, the Kroger and Rite Aid entities are private corporations. Thus, neither are subject to the requirements of FOIA. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's claim against the defendants concerning the public accessibility of their internal policies and procedures fails to state a plausible claim for relief and must be dismissed.

---

[3] The federal FOIA is found in 5 U.S.C. § 552. The West Virginia FOIA is found in W. Va. Code § 29B-1-3.

Moreover, the defendants assert that the plaintiff has not alleged that their employees have not complied with their internal policies or state and federal law when conducting over the counter sales of PSE products. Rather, the defendants contend that the plaintiff's claim concerning the pharmacists and technicians is grounded in whether the defendants' employees have an obligation to explain their internal policies to a third party. (ECF No. 4 at 13; ECF No. 6 at 12-13). As aptly noted by the defendants, such allegations also fail to state any plausible claim for relief.

Finally, to the extent that the plaintiff has alleged that Kroger has displayed misleading signage which embellishes the federal requirements with their own internal policy limitations, Kroger contends that this claim also fails. The Complaint specifically states:

> The Kroger Company is in violation of their own Handling Methamphetamine Precursor Products Policy v.2.1, by displaying a sign with the U.S. Code Section 1001 of Title 18 that has their company policy imposed into the middle of it, without also displaying the proper sign of _only_ the U.S. Code Section 1001 of Title 18, unembellished, as is required by federal law.

(ECF No. 1-1 at 5).

Kroger's Memorandum of Law addresses this claim as follows:

> Plaintiff alleges Kroger's current signage violates the Combat Methamphetamine Epidemic Act of 2005 ("CMEA") because the sign contains "embellishment" beyond the language of the federal regulation [footnote omitted]. Under the CMEA, a "regulated seller must include in the written or electronic logbook or display by the logbook, the following notice:"
>
>> WARNING: Section 1001 of Title 18, United States Code, states that whoever, with respect to the logbook, knowingly and willfully falsifies, conceals, or covers up by any trick, scheme, or device a material fact, or makes any materially false, fictitious, or fraudulent statement or representation, or makes or uses any false, fictitious, or fraudulent statement or entry, shall be fined not more than $250,000 if an individual

15

> or $500,000 if an organization, imprisoned not more than five years, or both.
>
> 21 C.F.R. § 1314.30(d).
>
> Assuming that the Plaintiff's allegation is true solely for the purposes of this Motion, Plaintiff's claim still fails, as the federal regulation does not provide for a private right of action.

(ECF No. 4 at 13-14). Kroger asserts that "[i]n the enforcement statute related to [CMEA], Congress was unambiguous stating that '[n]o private right of action is created under this subsection." 21 U.S.C. § 882(c)(5); *see also McCallister v. Purdue Pharma L.P.*, 164 F. Supp.2d 783, 793 (S.D. W.Va. 2001) (In deciding issue of preemption related to the Federal Controlled Substances Act the court stated "21 U.S.C. §§ 801-971, establishes no Congressional intent to create a private, civil right of action nor to permit removal.") (*Id.* at 14-15). Thus, Kroger asserts that the regulation relied upon by the plaintiff does not permit such an action. (*Id.*)

The undersigned agrees that there is no private right of action under the CMEA or its regulations. Accordingly, the plaintiff's allegations concerning Kroger's signage fails to state any plausible claim for relief and must be dismissed.

For all of the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state any plausible claim for relief against the Kroger and Rite Aid entities and that the Complaint is subject to dismissal pursuant to Rule 12(b)(6) and the dictates of *Twombly* and *Iqbal*.

## RECOMMENDATION

Based upon the proposed findings contained herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Motion to Dismiss filed by The Kroger Co. and Kroger Limited Partnership I (ECF No. 3), the Motion to

Dismiss filed by Rite Aid of West Virginia, Inc. (ECF No. 5), and the Motion to Dismiss for Lack of Jurisdiction filed by Rite Aid Corporation (ECF No. 8), and dismiss this matter from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985*); United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing parties and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

May 23, 2018

Dwane L. Tinsley
United States Magistrate Judge