```
          UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**LONNIE P. SEARS,**

       Plaintiff,

v.                                    Civil Action No. 2:17-cv-04394

**THE KROGER CO.,
KROGER LIMITED PARTNERSHIP I,
RITE AID CORPORATION, and
RITE AID OF WEST VIRGINIA, INC.,**

       Defendants.


<u>MEMORANDUM OPINION AND ORDER</u>


       Pending are the following motions, all filed on November 29, 2017: a motion to dismiss filed by the Kroger Co. and Kroger Limited Partnership I (ECF No. 3), a motion to dismiss filed by Rite Aid of West Virginia, Inc. (ECF No. 5), and a motion to dismiss for lack of jurisdiction filed by Rite Aid Corporation (ECF No. 8).

       This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to the court of his Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On May 23, 2018, the magistrate judge entered his PF&R recommending that each of these motions be granted and that the

action be dismissed from the docket of the court. On June 11, 2018, the pro se plaintiff timely objected.

The court reviews objections de novo. Inasmuch as the plaintiff objects to the entirety of the PF&R without specifying the grounds of the objection, the court need not reconsider the entirety of the magistrate judge's recommendations anew, however. As the Fourth Circuit has explained in this regard, "The Federal Magistrates Act requires a district court to 'make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.' 28 U.S.C.A. § 636(b)(1) (West 1993 & Supp. 2005) (emphasis added)." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). See also Fed. R. Civ. P. 72(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

The gravamen of the complaint is that the defendants, which are affiliated with two well-known chains of retail stores and pharmacies, Rite Aid and Kroger, went above and beyond the "limitations passed by [West Virginia] legislators" in restricting the amount of pseudoephedrine a person is allowed to purchase. Compl. at 1. Plaintiff claims, among other things, that the companies' compliance policies in this regard violate the Equal Protection Clause of the Fourteenth Amendment, the Privileges and Immunities Clause, and the Supremacy Clause of

the United States Constitution as well as the West Virginia Business Corporation Act, W. Va. Code § 31D-3-302, and West Virginia Code § 46-2-301 (a general obligations provision of the Uniform Commercial Code).

The first objection pertains to the finding that the court lacks personal jurisdiction over Rite Aid Corporation, the parent of Rite Aid of West Virginia, Inc.  However, the plaintiff makes no showing that would alter the personal jurisdiction analysis laid out on pages 5-7 of the PF&R.

Relatedly, the plaintiff finds it odd that that Rite Aid Corporation shares the "address and contact information" with Rite Aid Hdqtrs. Corp., which in fact promulgated the policies at issue in this case.  Insofar as the plaintiff wishes to amend his complaint to instead bring a claim against Rite Aid Hdqtrs. Corp., he makes no argument as to why the magistrate judge's proposed finding that such amendment would be futile on the grounds of failure to state a claim is erroneous.  See PF&R at 7.

Finally, plaintiff disputes the magistrate judge's finding that the defendants are private entities that are not acting under color of state law.  Plaintiff appears to suggest that inasmuch as the compliance policies were introduced in response to certain legal enactments, the defendants act under color of state authority so that federal constitutional claims

under the Fourteenth Amendment can proceed. Plaintiff marshals no persuasive authority for this claim, other than an inapposite citation to United States v. Guests, 383 U.S. 745 (1966). He also makes a bare, conclusory assertion that characterizing these policies as internal is "superfluous" which the court takes to mean that such characterization is in error and that the policies in question are in fact implicated with state action. Objections at 3. The court does not find this attempt to recast these defendant private corporations as state actors persuasive. See, e.g., Jackson v. Metropolitan Edison Co., 419 U.S. 345, 350 (1974) (noting that "[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for the purposes of the Fourteenth Amendment") (cited in the PF&R at 8). For the reasons well set out on pages 8-9 of the PF&R, the objection is overruled.

      Magistrate Judge Tinsley has performed a thorough analysis of the plaintiff's various claims. For the reasons, more thoroughly explained in the PF&R, which include the fact that defendants are not state actors and their actions were not state actions; that Rite Aid Corporation does not have meaningful contacts with West Virginia necessary to give this court personal jurisdiction over it; that allowing amendment of the complaint to substitute Rite Aid Hdqtrs. Corp. would be

futile; and that no private right of action exists for the plaintiff's state law claims, this action must be dismissed.

Therefore, it is ordered as follows:

1. That the plaintiff's objections to the PF&R be, and they hereby are, overruled.

2. That the magistrate judge's Proposed Findings and Recommendation be, and they hereby are, adopted and incorporated in full.

3. That the three pending motions to dismiss be, and they hereby are, granted.

4. That this civil action be dismissed and stricken from the docket of the court.

The Clerk is directed to forward copies of this order to the pro se plaintiff and United States Magistrate Judge Dwane L. Tinsley.

DATED: June 18, 2018

John T. Copenhaver, Jr.
United States District Judge